IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| RALPH CHARLES MASSEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED PARCEL SERVICE, INC., )<br>)<br>Defendant. ) | Case No. 14-CV-1169-JAR-JPO |

## **ANSWER**

Defendant United Parcel Service, Inc. ("UPS"), for its Answer to Plaintiff's Petition, states as follows:

1. UPS admits the allegations in Paragraph 1 of the Petition upon information and belief.

2. UPS denies that it is a Kansas corporation, and further states that it is incorporated in the State of Ohio. UPS admits the remaining allegations in Paragraph 2 of the Petition.

3. In response to Paragraph 3 of the Petition, UPS admits that the U.S. District Court for the District of Kansas has personal and subject matter jurisdiction.

4. UPS denies the allegations in Paragraph 4 of the Petition.

5. UPS admits the allegations in Paragraph 5 of the Petition.

6. UPS states that the allegations in Paragraph 6 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent a response may be required, UPS denies the same.

7. UPS admits the allegations in Paragraph 7 of the Petition.

8. UPS states that the allegations in Paragraph 8 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent a response may be required, UPS denies the same.

9. UPS admits, upon information and belief, that Plaintiff was riding a bicycle at times on December 12, 2012. UPS denies the remaining allegations contained in Paragraph 9 of the Petition.

10. UPS is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Petition, and therefore must deny the same.

11. UPS admits the allegations in Paragraph 11 of the Petition.

12. UPS states that the allegations in Paragraph 12 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent a response may be required, UPS denies the same.

13. UPS admits that the truck involved in the described incident was owned and operated by UPS, but denies the remaining allegations contained in Paragraph 13 of the Petition.

14. UPS admits that it hired, trained, and supervised its driver. UPS states that the remaining allegations in Paragraph 14 regarding "qualification" of the driver state a legal conclusion, to which no response is required from the defendant. To the extent a response may be required, UPS admits that it complied with all applicable federal regulations, and otherwise denies the remaining allegations contained in Paragraph 14.

15. UPS states that the allegations in Paragraph 15 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent a response may be required, UPS denies the same.

16. UPS admits that its driver was operating under D.O.T. license number 21800 at the time of the incident. UPS states that the remaining allegations in Paragraph 16 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent a response may be required, UPS denies the same.

17. UPS states that the allegations in Paragraph 17 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent that a response may be required, UPS denies that the allegations contained in Paragraph 17 fully and accurately reproduce the language in the referenced regulation, states that the regulation speaks for itself, and denies any violation of the same.

18. UPS states that the allegations in Paragraph 18 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent that a response may be required, UPS denies that the allegations contained in Paragraph 18 fully and accurately reproduce the language in the referenced regulation, states that the regulation speaks for itself, and denies Plaintiff's interpretation of the same.

19. UPS states that the allegations in Paragraph 19 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the extent that a response may be required, UPS denies that the allegations contained in Paragraph 19 fully and accurately reproduce the language in the referenced regulation, states that the regulation speaks for itself, and denies Plaintiff's interpretation of the same.

20. UPS states that the allegations in Paragraph 20 of the Petition purport to state a legal conclusion, to which no response is required from the defendant. To the

extent that a response may be required, UPS denies that the allegations contained in Paragraph 19 fully and accurately reproduce the language in the referenced statute, states that the statute speaks for itself, and denies Plaintiff's interpretation of the same.

21.     UPS states that the allegations in Paragraph 21 of the Petition purport to state a legal conclusion, to which no response is required from the defendant.  To the extent that a response may be required, UPS denies that the allegations contained in Paragraph 21 fully and accurately reproduce the language in the referenced statute, states that the statute speaks for itself, and denies any violation of the same.

22.     UPS states that the allegations in Paragraph 22 of the Petition purport to state a legal conclusion, to which no response is required from the defendant.  To the extent that a response may be required, UPS denies that the allegations contained in Paragraph 22 fully and accurately reproduce the language in the referenced regulations, states that the regulations speak for themselves, and denies Plaintiff's interpretation of the same.

23.     UPS denies the allegations in Paragraph 23 of the Petition, including each and every subpart thereof.

24.     UPS admits that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  UPS denies the remaining allegations in Paragraph 24 of the Petition.

25.     UPS denies the allegations in Paragraph 25 of the Petition regarding ratification, in that these state a legal conclusion to which no response is required from the defendant.  UPS denies the remaining allegations contained in Paragraph 25.

26. UPS denies the allegations in Paragraph 26 of the Petition regarding ratification, in that these state a legal conclusion to which no response is required from the defendant. UPS denies the remaining allegations contained in Paragraph 26.

27. UPS denies that Plaintiff is entitled to recover attorneys' fees as requested in Paragraph 27 of the Petition.

28. UPS denies that Plaintiff is entitled to any relief as requested in his WHEREFORE paragraph, and prays for judgment in its favor and against Plaintiff on the Petition, for defendant's costs and fees incurred herein, and for such other and further relief that the Court deems just and proper.

29. Any allegation not specifically admitted above is denied.

## AFFIRMATIVE DEFENSES

UPS, furthering answering and by way of affirmative defense, alleges and states as follows:

1. Plaintiff's Petition fails to state a cause of action against UPS upon which the requested relief may be granted.

2. If Plaintiff sustained any damages, which is specifically denied, such damages were caused by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault and comparative fault, thereby barring recovery against this defendant or alternatively diminishing any recovery by the relative fault attributed to Plaintiff.

3. Plaintiff's damages and/or injuries, if any, were the result of an independent, intervening and/or superseding cause or event and/or an act of omission or co-omission on the part of one or more persons or entities over whom this defendant had no control and is therefore not legally responsible.

4. Plaintiff's claims are barred or limited by his failure to mitigate his alleged damages.

5. Plaintiff's alleged damages resulted, in whole or in part, from pre-existing or subsequent conditions unrelated to defendant's conduct.

6. Plaintiff's claims are barred or limited by the doctrines of assumption of the risk and/or open and obvious hazards.

7. Plaintiff's recovery, if any, is limited by the collateral source rule.

8. Plaintiff's recovery, if any, is limited pursuant to K.S.A. § 60-19(a)02.

9. Plaintiff's claims for attorneys' fees are not allowed by Kansas law.

10. Plaintiff's purported claims under K.S.A. § 66-176 are pre-empted and/or are barred due to Plaintiff's failure to exhaust administrative remedies.

11. Plaintiff's purported claims under Title 49 of the Code of Federal Regulations are pre-empted and/or are barred due to Plaintiff's failure to exhaust administrative remedies.

12. Plaintiff's purported claims under the statutes and regulations cited in the Petition are barred or limited by defendant's substantial compliance with such statutes and/or regulations.

13. Plaintiff's purported claims under the statutes and regulations cited in the Petition are barred in that such statutes or regulations do not give rise to a private right of action thereunder.

14. UPS reserves its right to amend its answer to assert other affirmative defenses that may appear during the course of and/or following the completion of discovery.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant United Parcel Service, Inc. prays that judgment be rendered in its favor and against Plaintiff; that Plaintiff's Petition be dismissed with prejudice; that defendant recover its costs and expenses, including its reasonable attorneys' fees; and that the Court grant such further relief as the Court deems appropriate.

### REQUEST FOR TRIAL BY JURY

UPS requests trial by jury of twelve (12) in this matter. Pursuant to Local Rule 40.2(c), UPS designates Wichita as the place of trial in this matter.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

/s/ Shawn M. Rogers
Shawn M. Rogers          KS #18888
Angela M. Higgins        KS #21141
51 Corporate Woods
9393 W. 110th St., Suite 500
Overland Park, Kansas 66210
(913) 451-6752
(816) 472-0288 Facsimile
rogers@bscr-law.com
higgins@bscr-law.com
ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF system, thereby giving notice to all counsel of record, and was also transmitted via email, this 26th day of June, 2014, to:

Bradley A. Pistotnik, Esq.
BRAD PISTOTNIK LAW, P.A.
1833 N. Rock Road Court
Wichita, Kansas 67206
316-684-4400
Fax: 316-684-4405
brad@bradpistotniklaw.com
ATTORNEY FOR PLAINTIFF

      /s/  Shawn M. Rogers

4812-0553-6795, v.  1